IN THE UNITED STATES BANKRUPTCY
COURT FOR THE EASTERN DISTRICT
OF NEW YORK

| | |
|---|---|
| In Re:<br>Toni G. Simons<br>aka Toni Gretchen Simons<br><br><br>Debtor(s) | NOTICE OF MOTION<br>Chapter: 13<br>Bankruptcy Case: 1-18-43991-jmm<br>Assigned to Bankruptcy Judge:<br>Judge: Jil Mazer-Marino |

   **PLEASE TAKE NOTICE** that Real Time Resolutions, Inc., as servicer for Deutsche Bank National Trust Company as Trustee for the IndyMac Home Equity Mortgage Loan Asset-Backed Trust, Series 2006-H3 a secured creditor, by the undersigned counsel, will move before this Court on the April 29, 2021 at 10:00 AM, or as soon thereafter as counsel may be heard, in United States Bankruptcy Court, Conrad B. Duberstein U.S. Courthouse, 271-C Cadman Plaza East, Suite 1595, Brooklyn, NY 11201 for an Order Granting the Motion to Approve Subordinate Mortgage (or such other relief as the Court may deem proper) in order to proceed with its rights under non-bankruptcy law with regard to the property: 95 Hemlock Dr, Farmingdale, NY 11735.

Date: April 6, 2021

Stern & Eisenberg, PC

By: /s/Peter A. Lawrence, Esq.
Peter A. Lawrence, Esq.
Stern & Eisenberg, PC
485B Route 1 South, Suite 330
Iselin, NJ 08830
plawrence@sterneisenberg.com
Phone: (516) 630-0288
Fax: (732) 726-8719
Counsel for Movant

Service List

Michael J. Macco  Regular Mail
2950 Express Drive South  Notice of Electronic Filing (ECF)
Suite 109
Islandia, NY 11749
sturner@maccolaw.com
**Bankruptcy Trustee**


Norma E Ortiz  Regular Mail
32-72 Steinway Street  Notice of Electronic Filing (ECF)
Suite 402
Astoria, NY 11103
email@ortizandortiz.com
**Counsel for Debtor**


All other parties on ECF:  REGULAR MAIL

Toni G. Simons aka Toni Gretchen Simons
167-24 Foch Blvd
Jamaica, NY 11434
**Debtor(s)**

IN THE UNITED STATES BANKRUPTCY
COURT FOR THE EASTERN DISTRICT
OF NEW YORK

| In Re:<br>Toni G. Simons<br>aka Toni Gretchen Simons<br><br><br>Debtor(s) | NOTICE OF MOTION<br>Chapter: 13<br>Bankruptcy Case: 1-18-43991-jmm<br>Assigned to Bankruptcy Judge:<br>Judge: Jil Mazer-Marino |
|---|---|

**Motion of Real Time Resolutions, Inc. as servicer for Deutsche Bank National Trust Company as Trustee for the IndyMac Home Equity Mortgage Loan Asset-Backed Trust, Series 2006-H3 to Vacate Order reclassifying claim # 3 as an Unsecured Non-Priority Claim with Respect to the Real Property located at *167-24 FOCH BLVD, JAMAICA, NY 11434***

Real Time Resolutions, Inc., through its Counsel, Stern & Eisenberg PC, respectfully requests the Court grant its Motion to Vacate the order entered on November 9, 2018, reclassifying claim # 3 as an unsecured non-priority claim and in support thereof respectfully represents as follows:

1. Movant is Real Time Resolutions, Inc., as servicer for Deutsche Bank National Trust Company as Trustee for the IndyMac Home Equity Mortgage Loan Asset-Backed Trust, Series 2006-H3. (hereafter referred to as "Movant").

2. Debtor, Toni G. Simons aka Toni Gretchen Simons (hereinafter, "Debtor(s)"), is, upon information and belief, adult individual whose last-known address is 86-18 75th Street, Woodhaven, NY 11421.

3. On October 5, 2018, Attorney Stacey Weisblatt, Esq. of Stern & Eisenberg, P.C. filed a Notice of Appearance on behalf of the Movant, Deutsche Bank National Trust Company as Trustee for the IndyMac Home Equity Mortgage Loan Asset-Backed Trust, Series 2006-H3. A true and accurate copy of the Notice of Appearance is attached hereto as Exhibit A.

4. Later on that same day of October 5, 2018, Debtor's Counsel filed Motion for an Order Pursuant to 11 U.S.C. § 506(a)(1) and Fed R. Bankr. Proc 3012 Fixing the Value of Real Property and Reclassifying Claim No. 2 of Real Time Resolutions, Inc., as Agent for Deutsche Bank National Trust Co. As Trustee for IndyMac Home Equity Mortgage Loan Asset Back Trust Series 2006-H3. A true and accurate copy of Debtor's Motion is attached hereto as Exhibit B.

5. On October 11, 2018, Debtor's Counsel filed their Declaration of Service for the filed Motion for an Order Pursuant to 11 U.S.C. § 506(a)(1) and Fed R. Bankr. Proc 3012 Fixing the Value of Real Property and Reclassifying Claim No. 2 of Real Time Resolutions, Inc., as Agent for Deutsche Bank National Trust Co. As Trustee for IndyMac

    Home Equity Mortgage Loan Asset Back Trust Series 2006-H3. A true and accurate copy of the Debtor's Certificate of Service is attached hereto as Exhibit C.

6. The Declaration of Service does not provide proof or method of service to Movant's counsel Stern & Eisenberg, P.C. pursuant to the Notice of Appearance filed by Movant's counsel on October 5, 2018. Movant's counsel was neither served nor notified of the Motion filed by Debtor's Counsel.

7. Prior to Debtor's application to avoid the Movant's lien, a Broker's Price Opinion ("BPO") was prepared on August 9, 2018 with a recommended list price of $478,000.00. A true and accurate copy of the BPO is attached hereto as Exhibit D.

8. Unbeknownst to the Movant's counsel, an Order was entered on November 9, 2018 granting Debtor's application to reclassify Movant's lien as an unsecured non-priority claim and voiding the mortgage lien. A copy of the Order for Debtor's Motion to Reclassify and Void Movant's lien is attached hereto as Exhibit E.

9. Pursuant to FRBP 9014(b) Debtor is required to serve the Motion to Strip Off Mortgage lien, which incorporates FCRP 7004. Under Rule 7004(b)(5), service by first class mail upon a corporation, a partnership or any other unincorporated association must be made by mailing a copy to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires by also mailing a cop to the creditor.

10. Here, Debtor is in violation FCRP 7004(b) by failing to serve the appointed agents to receive service on their behalf. Service of the Motion was improper and defective because Movant expressly appointed the law firm of Stern & Eisenberg, P.C. on October 5, 2018 as its authorized agent by listing the law firm as the party to receive notices pursuant to their filed Notice of Appearance (See Exhibit A).

11. Service of Debtor's motion in accordance with Federal Rules of Bankruptcy, as well as the Notice of Hearing and objection deadline on the motion gives the Movant not only sufficient notice that the debtor intends to strip its lien, but in addition, sufficient time to investigate the alleged facts concerning lack of equity, and to object, if appropriate.

12. Furthermore, the movant should be allowed time to seek a copy of the appraisal, or other underlying basis for the debtor's allegation that Movant's mortgage lien has no value. However, Debtor's failure to effectuate proper service has unfairly relinquished the Movant's opportunity to challenge the evidence regarding proffered in Debtor's application with regards to equity.

13. Fed. R. Civ.P. 60(b) also provides that:

    On motion and just terms, the court may relieve a party or its legal representatives from a final judgment, order, or proceedings for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reverse or vacated; or applying it prospectively is longer equitable; or (6) any other reason that justified relief.

14. Movant's counsel is unsure as to why Debtor/Debtor's counsel failed to properly serve the Movant's legal counsel with their application before this Court. Shortly after their Motion was filed, Debtor's counsel filed a Certificate of Service on October 11, 2018, days after the Notice of Appearance was filed. It appears Debtor had multiple opportunities to address this issue but failed to notify Movant's legal counsel or the Court of their failure to serve Movant's legal counsel.

15. Pursuant to the Federal Rules of Civil Procedure, the Order reclassifying Movant's lien as an unsecured non-priority claim, which was entered on November 9, 2018, should be vacated, or in the interim, the Court should investigate the manner in which Debtor served their application and to determine whether their intentions were proper. Withholding Movant's ability to challenge the issue of service of Debtor's motion or the issue of equity valuation would unfairly prejudice the Movant and unjustly enrich the Debtor at the expense of the Movant.

16. As a result of Debtor's failure to properly serve Movant's counsel, Movant faces a substantial financial loss and is unfairly deprived of their right to present their evidence and proffer their arguments in opposition to Debtor's application to avoid Movant's lien.

17. Based upon the BPO value at the time the Debtor filed to reclassify and void Movant's lien, Debtor's property maintained a value sufficient to allow for a complete or partial recovery by the Movant as the junior lienholder. (See Exhibit D).

18. Therefore, if Debtor properly served Movant's legal counsel, Movant would be in a position to recover the outstanding debt owed to the Movant. With Movant's BPO and objection, the Court would have concluded differently and most likely deny the Debtor's Motion to reclassify the claim as an unsecured non-priority claim.

WHEREFORE, Movant, respectfully requests this Court to grant the proposed order.

                                              Respectfully Submitted:

                                           Stern & Eisenberg, PC

                                           By: /s/Peter A. Lawrence, Esq.
                                           Peter A. Lawrence, Esq.
                                           Stern & Eisenberg, PC
                                           485B Route 1 South, Suite 330
                                           Iselin, NJ 08830
                                           plawrence@sterneisenberg.com
                                           Phone: (516) 630-0288
                                           Fax: (732) 726-8719

Date: April 6, 2021                          Counsel for Movant